case is also Apple v. Masimo, 2022-1891. Ms. Ahmadi, when you are ready. Thank you, Your Honor. May I proceed? May it please the Court, my name is Brittany Ahmadi and I represent Apple. In construing the 776 patent claims, the Board imported a negative limitation requiring that neither the first nor the second duty cycle can be 0%. That was error because nothing in the claims or the specification require the exclusion of the duty cycles that are 0%. In fact, the opposite is true. Let me start with the claim language. Nothing in the independent claims defines or limits the value of the duty cycles or implies that it can't be 0%. In fact, dependent claims 6 and 15 confirm that the duty cycle can in fact be 0%. If you take a look at dependent claim 6, for example, it recites the method of claim 1 wherein said operating the patient monitor in accordance with the first control protocol comprises operating the first control protocol light source in a data off state. The patent makes clear and Masimo does not dispute that a data off state means that the light source is off for longer than one drive cycle. Under the agreed upon construction where the light source is in a data off state for the during the drive cycle, the duty cycle is necessarily 0%. The Board disregarded dependent claims 6 and 15 because those claims use the word comprises. But the mere fact that the claims are written as open-ended claims does not negate the fact that the structure and syntax of the dependent claims require... How can there be a 0% cycle? That means that the system is off, correct? It means that it's off for more than one or the length of a drive cycle, the individual light source. And I think that's exactly what the data off state... Doesn't it have to be activated at least to some degree in order to work? So the, I think notably the independent claims state that the first light source can be one or more light sources. And so the mere fact that one of those light sources is off doesn't preclude the fact that you can take a measurement because there are other light sources that can be on. And so... If there's other light sources that are on, then how can you have a 0% duty cycle? So as the patent explains with respect to the data off state, you can have one of the light sources off for more than one duty cycle and then other light sources turn on for another duty cycle. So you don't have a situation where everything is off? That's correct. That's correct. And I think that's within the scope of the claims. And the patent... The board pointed out, I think you lied on at least in part on the fact that the specification identifies two of the control states as duty cycles. And then there's a third distinct interval that's, as Judge Rayner pointed out, data off state. So doesn't that sort of begin and end your case that there's a third cycle for duty off state, which is other than the other two cycles, which leads one to conclude you can't be at 0% for the first two? I would respectfully disagree, Your Honor. And I direct the court to our reply brief at pages 18 and 19, where we lay out the syntax of the limitation in Claim 1 next to the limitation in Claim 6. And Claim 1 recites that operating of the patient monitor according to the first control protocol operates the first control protocol light source according to a first duty cycle. Claim 6 then uses almost identical language stating, operating the patient monitor in accordance with the first control protocol comprises operating the first control protocol light source in a data off state. And so the first control... That necessarily requires that the first control protocol light source is both operated in accordance with the first duty cycle and operated in a data off state simultaneously. And that necessarily requires that the duty cycle be 0% because the data off state means, and this is undisputed, that the light source is off for more than one drive cycle. And so there's nothing in the claims that excludes a 0% duty cycle. And to the contrary, the claims confirm that a 0% duty cycle must be within the scope of Claim 1. So I think, Your Honor, with respect to the board's decision, the board in Massimo pointed to the claims separate requirement that the patient monitor calculate the pulse rate as precluding the duty cycle from being 0%. But even in the situation where the first light source is off and operating at a 0% duty cycle, the monitor is still able to calculate the pulse rate because the claims expressly make clear that the first light source can include one or more of a plurality of light sources. And so even if one of those light sources is operating in a data off state or at a 0% duty cycle, there's nonetheless light that is available from other light sources within the device. In fact, Massimo acknowledged to the board that there's no express teaching in the patent against operating two lights at different duty cycles. And that's at APPX 1536 lines 1 through 13 and APPX 1539 lines 1 through 10. So in short, nothing in the claims requires you... The claims requirement to calculate a pulse rate precludes the existence of a 0% duty cycle. So if I could turn to the specification, as with the claims, the specification confirms that there can in fact be a 0% duty cycle, where the specification describes three control engine states, high, low, and data off as depicted in figure eight. The board's construction excludes, would exclude that embodiment where the light source operates in a data off state, which is also captured by dependent claims six and 15. And so we would submit that the board's construction cannot be correct because it excludes that preferred embodiment. The board also erred in relying on a specific embodiment in the specification. The board pointed to the fact that the duty cycle described in the specification is between a range of 3.125% and 25%. But it was error for the board to rely on that embodiment, particularly where there are other broader embodiments in the specification and the claims are not so limited on their face. So for all those reasons, we ask that the court, that this court reverse the board's construction of a duty cycle as excluding duty cycles of 0% and remand for a determination of patentability under the proper construction. Unless the court has further questions, I'll reserve the remainder of my time. The only claim construction is at issue here now, not application of the claim to the reference. That's correct, your honor. Thank you. We'll save the rest of your time. Thank you, your honor. Mr. Stoll. Thank you, your honor, and may it please the court, Josh Stoll on behalf of Massimo Corporation. I heard opposing counsel suggest that the board improperly imported a negative limitation from the specification, and that is not what happened here. To read from appendix 17, the board said, the weight of the evidence, including the claim language and specification, convinces us that neither the first nor the second duty cycle can be 0%. And the board then goes on for two pages to analyze the claim language. And the board says, the claims require the first and second control protocol light sources to generate light so that the patient monitor can calculate a pulse rate based on the light. Calculating the pulse rate is one of the requirements of the claim. The board then goes on. The first and second duty cycles cannot be 0% because the light sources of the first and second protocol light sources would not generate light to enable pulse rate calculation as required by the claims. So the board found that the claims themselves require a duty cycle greater than 0% because the light sources must be active. Now, my opponents are not disputing the first part of the board's construction there. The claims require the first and second protocol light sources to generate light. I think we agree. They have to generate light because we need to calculate the pulse rate. What my opponents have done is they have speculated that the first control protocol light source may include two light sources, one of which is turned off, and we just heard, one which would operate in an undefined duty cycle to generate the pulse rate. There are two reasons that construction, or that approach to the claims, is not supported by the claim language. First, the claims recite... Is it your position that Apple's argument is itself asserting that there has to be a light on all the time? Yes, Apple's argument requires a light to be on all the time, and Apple has acknowledged that in the first control protocol light source. What Apple has done is pointed to the language in the claims that say that the first control protocol light source may include one or more of a plurality of light sources. And Apple has said, aha, one of the light sources maybe is off, and maybe there's another light source that is on. But even under that situation, there's always a light on. That's correct, Your Honor. There would always be a duty cycle, and that's what the board pointed out to say. A person of skill in the art would not think that there was no duty cycle if there were a light source on, correct. The board also pointed out that the claims presume that the individual light sources that comprise the first protocol light source operate as a unit according to the same duty cycle. And again, that comes out of the claims, because the claims say the first control protocol light source operates according to a first duty cycle. Apple has tried to rewrite the claims to say that one or more of the plurality of light sources operates according to a first duty cycle, but that's not what the claims say. Additionally, as we've heard, Apple's argument depends on there being at least two light sources in the first control protocol light source. At least two. One that's a zero percent duty cycle, the light's off, and one that operates at this other, Judge Reyna, as you've mentioned, at this other duty cycle to get the pulse rate. The problem is that the claims say that the first control protocol light source includes one or more of a plurality of light sources. So within the scope of the claim, there may only be one light, and that light would have to be turned off for Apple's zero percent duty cycle to work. In that case, all the lights are off, there is no duty cycle being, there is no duty cycle, there is no light to generate the pulse rate. So there are two reasons in the claims why Apple's argument failed. The board also looked at the specification and found that Apple... This is just something I've been wondering about that I didn't see the answer, and it's probably not really germane, but if all the lights are off, when do they come back on? What is it that instigates them to turn back on, if it can't detect, if the lights are off, there's no detection of an abnormality in the bloodstream or anything like that, then at the end of the day, what cuts them back on? Well, in the prior art, which the patent denigrates, there was a sleep mode, and the lights would turn off, and after a set period of time, the lights would turn back on. That's the problem that the 776 patent is trying to address. The 776 patent discusses intermittently reducing the duty cycle, so that we save power, but the lights are still active in case there is a patient event, or there's some sort of low signal quality, the signal can immediately be bumped back on. So if you're in a low light duty cycle, and then there's an abnormality, or one of these crises occurs, then it moves on to a higher duty cycle, correct? Correct, Judge Reyna, that's absolutely correct, yes, and that's how the system operates. There's another reason that Apple's 0% duty cycle is incorrect, and it's because it's inconsistent with the plain meaning of duty cycle. Here the board adopted a construction of duty cycle from an electrical engineering dictionary, and Apple has not appealed that portion of the construction today. The construction is the ratio of operating time, or on time, of a light source to the total time period during which the light source is intermittently operated. If you have a 0% duty cycle, the light source is not intermittently operated. So that is a second reason that Apple's proposed construction, that a duty cycle can be 0%, is improper. My opponent also talked about the specification, and what the specification says. The specification does not use the term 0% duty cycle. It does not say that when a light is off, it has a 0% duty cycle. The specification describes a data off state, Judge Prost, as a separate protocol from a first duty cycle, and a second duty cycle, or a low and high duty cycle. The specification actually says, in conjunction with an intermittently reduced duty cycle, or as an independent sampling mechanism, there may be a data off time period. We see in Figure 8 an example of a system running at a low duty cycle, a high duty cycle, and a data off state. At Appendix 75, Column 8, the patent explains the low duty cycle occurs during the first time period, the high duty cycle occurs during a second time period, and the data off state occurs during a third time period. The board correctly stated the specification, this is at Appendix 20, the specification identifies two of the control states as duty cycles, and a third distinct time interval as a data off state. Thus the claim first and second duty cycles can be the low or high duty cycles, they cannot be the data off state. If we were to find that the duty off state is not a separate status, it's distinguished from duty cycle, then you would lose, is that right? Well that's not correct either, because the court would still need to find that the data off state operates at a first duty cycle, or a second duty cycle. If it's not a separate state, it would have separate status from the duty cycles? Well, again, remember the duty cycle, when there's a first duty cycle or a second duty cycle, the light sources need to be active, and what we learned from reading the patent is that during the data off state, all the light sources are off. If we look at Column 7, the patent says there may be a data off time period longer than one drive current cycle, where the emitter drivers are turned off, the emitter drivers, not one or more. If we go further and look at Column 8, lines 38 to 40, it says during a third time interval, the pulse oximeter is able to enter the data off state 818, during which time no sensor samples are processed. That's because the lights are all turned off. So even if the data off state were somehow similar to the duty cycles, it still doesn't meet the claim limitation because all the lights are turned off, and as we learned from the board's decision, the claims require the light sources to be on to measure the pulse rate. Is this patent expired? This patent is expired, Your Honor. Is there litigation going on other than against Apple? There is not, Your Honor. I will also just briefly respond to my opponent's suggestion that there was some admission made at oral argument that the patent doesn't exclude zero percent duty cycle. What was said at oral argument, which is correct, is there is no express statement in the specification saying that two light sources cannot operate at different duty cycles. But what was said was the claims here prevent a zero percent duty cycle. The full quote from oral argument is in the red brief at page 30. Apple has not presented any evidence that there's a disclosure in the patent of two light sources operating simultaneously at different duty cycles. That's not in the patent anywhere. So the claim construction that Apple has proposed goes well beyond the specification. With that, if there are no further questions, I will recede the rest of my time. Well, your duty cycle is not down to zero, but you may proceed to time. Thank you, Your Honor. Thank you. Ms. Amati has some rebuttal time. Thank you, Your Honor. Just a few points in response. Judge Roy, you had asked about whether this patent is asserted. It is asserted against Apple in a case in California that has currently stayed pending the outcomes of the IPRs, but the patent has been asserted. Three responses to the points raised by my friends on the other side. First, I want to come back to claim six and looking at it in connection with claim one. This is laid out in our reply brief again at page 18 and 19. I think I heard counsel say that you can't have the data off state and a duty cycle at the same time, but claim one and claim six, and claim six is a dependent claim of claim one. Claim one recites that the first control protocol white source is operated according to a first duty cycle, and in turn, claim six recites that it's operated in a data off state. In other words, claim one and claim six simultaneously require that the device and the first control protocol white source is operated in a data off state and according to a first duty cycle. Those two things have to be true at the same time, and I don't think I heard a response from the other side. But wasn't the board's response that the best reading of claims six and 15 is that the data off and reduced cycle states can operate in conjunction with, not simultaneously? Wasn't that what the board concluded? I think the board, well, the board focused on the comprising language in claim six, but I submit that the comprising language merely means that there can be additional white sources, which is consistent with Apple's proposed construction. Nonetheless, claim six requires that the first control protocol white source is operating according in a data off state and at the same time that it's operating in accordance with the first duty cycle. So those two things, just looking at the structure and syntax of the claims, have to be true at the same time. And I believe the second point I'd like to make is with respect to figure eight and the in conjunction with language from the specification, which I think is a slightly different issue. The board read the in conjunction with language that appears at column seven, lines 11 through 15 in the specification to suggest that the data off state is different from a duty cycle. But that passage merely distinguishes between a data off cycle, using the data off cycle together with an intermittently reduced cycle, which is a cycle that cycles between low and high duty cycle, and using the data off state as an independent sampling mechanism. And if you take a look at figure eight, which is in our reply brief at pages 10 through 11, I'm sorry, page 13, if you take a look at that, you can see on the left hand side the intermittently reduced duty cycle where you have the low duty cycle and the high duty cycle, and next to that a data off state. And then to the right of that, on that same figure, you have just the low duty cycle and the data off state operating separately, where the data off state is used as an independent sampling mechanism. So I think that the specification in figure eight in particular supports Apple's proposed construction, particularly if you look at it in conjunction with claim six. And then finally, I'd just like to address the sleep mode issue. The sleep mode is fundamentally different from the data off state described in the patent for two reasons. First, as the patent makes clear in column one, line 59, through column two, line 24, where a device is operating in sleep mode, the pulse oximeter is not functioning at all. The claims here require the pulse oximeter to continue to take measurements, even during the data off state as recited in claim six. And second, the sleep mode relies on the output parameters to determine when the device should go in sleep mode. Rather, under the claims here, this device is working in a duty cycle or in a drive cycle, and the data off state is determined by that drive cycle. And if there are no further questions, we would respectfully ask that the board's claim construction be reversed. Thank you, counsel. The case is submitted. Thank you. Thank you.